***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms with modifications the Opinion and Award of Deputy Commissioner Harris and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. At all times relevant hereto, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act, and Defendant-Employer regularly employing three or more employees.
2. On April 17, 2007, an employer-employee relationship existed between Plaintiff and Defendant-Employer.
3. On April 17, 2007, the carrier on the risk was American Home Assurance, with AIG Claim Services, Inc., acting as administrator.
4. On April 17, 2007, Plaintiff was employed by Defendant-Employer as a part-time delivery driver. On that day, she was involved in an automobile accident, resulting in her death. Defendants admit Deceased Plaintiff's death arose out of and occurred in the course and scope of her employment with Defendant-Employer.
5. At the time of her death, there were no individuals wholly or partially dependent for support upon the earnings of Plaintiff. She was survived by her biological mother, Linda Kay Gentry, and her biological father, William Henry Gentry, Jr. (hereinafter referred to collectively as "potential beneficiaries.").
6. Defendants contend that, at the time of her death, Plaintiff's average weekly wage, including overtime and any allowances, was $133.49, producing a compensation rate of $90.00. The potential beneficiaries contend that, in calculating Deceased Plaintiff's average weekly wage, Defendants failed to include certain unreported tips earned by Plaintiff during her employment with Defendant-Employer, and that if such tips were included, Deceased Plaintiff's average weekly wage would be in excess of $250.00. On June 20, 2008, the parties participated in a mediation, during which the parties reached an agreement and hereby stipulate that the total *Page 3 
death benefits to be awarded in this matter under N.C. Gen. Stat. §§ 97-38
and 97-40 are $40,000.00. Defendants further agree to issue this payment in a lump sum once a final judgment is entered regarding the appropriate beneficiaries. The potential beneficiaries agree that Defendants' payment shall protect and discharge Defendants from further liability for Deceased Plaintiff's death.
7. The funeral expenses for Deceased Plaintiff exceeded $3,500.00 and were paid by potential beneficiary Linda Kay Gentry. Defendant-Carrier has reimbursed Ms. Gentry $3,500.00 for such expenses.
 *********** EXHIBITS
The following documents were accepted into evidence as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement
The following document was accepted into evidence as an exhibit for Linda Kay Gentry:
 • Exhibit 1: Transcript of 6/14/07 custody/visitation hearing
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. William Henry Gentry, Jr. (hereinafter "Mr. Gentry") and Linda Kay Gentry (hereinafter "Ms. Gentry") were married for 21 years before they separated on April 8, 2004. They were divorced in October 2005. *Page 4 
2. Three children were born of the marriage of Mr. Gentry and Ms. Gentry: Megan Gentry (Deceased Plaintiff), born September 13, 1987; Jessica Gentry, born October 8, 1989, and; Morgan Gentry, born August 15, 1993.
3. Megan Gentry was 16 years of age when her parents separated. She turned 18 on September 13, 2005, approximately 17 months after her parents' separation.
4. Following the separation, the three children continued to live with Ms. Gentry in Stanly County, North Carolina.
5. Shortly after they separated, Mr. Gentry and Ms. Gentry reached an oral agreement for Mr. Gentry to pay Ms. Gentry child support for all three children in the amount of $750.00 every two weeks.
6. Mr. Gentry regularly paid the agreed-upon child support on time through about the end of 2004, when he was laid off from his job repairing pumps at nuclear power plants. Thereafter, his payments were sometimes sporadic and late. Ms. Gentry testified that, at some point, Mr. Gentry got about $2,000.00 behind in his child support payments and that she sought assistance from the local child support enforcement agency. However, she was unable to say when that happened, and she offered no documentation to support her assertions in this regard. The Full Commission finds that at the time that Megan Gentry turned eighteen years of age that Mr. Gentry did not owed money for Megan Gentry's care and support.
7. Mr. Gentry sent the children birthday flowers and cards. In 2005 he gave all three of his children, including Megan Gentry, Christmas presents. Mr. Gentry spent time with his daughters, including Megan Gentry, on Christmas Day in 2004 and 2005. Mr. Gentry also visited with his daughters, including Megan Gentry, several other times in 2004 and 2005. All of *Page 5 
the children called Mr. Gentry sporadically, and he tried to call and talk with them. Linda Gentry was good about getting the children to call Mr. Gentry when it was convenient.
8. Due to the nature of Mr. Gentry's work, which required him to travel throughout the eastern United States on an emergency call basis and be away from home for days or weeks at a time, it has been difficult for Mr. Gentry to visit with his daughters on a regular basis since the separation.
9. Mr. Gentry last saw Megan Gentry in the summer of 2006, when he took her fishing. They had each other's cell phone numbers, and they spoke about two or three times between the summer of 2006 and her death, with the last conversation happening about a month before her death.
10. Mr. Gentry's relationship with his daughters became strained and somewhat distant after his divorce from their mother and his subsequent remarriage. However, the greater weight of the evidence of record does not support a finding that Mr. Gentry willfully abandoned Megan Gentry's maintenance and care at any time prior to her 18th birthday.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In this claim, Mr. Gentry and Ms. Gentry are entitled to take the compensation due, share and share alike, unless Mr. Gentry is excluded because he "has willfully abandoned the care and maintenance of (Megan Gentry) and . . . has not resumed (her) care and maintenance at least one year prior to the first occurring of the majority or death of (Megan Gentry) and *Page 6 
continued (her) care and maintenance until (her) death or majority." N.C. Gen. Stat. §§ 97-38 and 97-40.
2. The greater weight of the evidence of record does not support a conclusion that Mr. Gentry willfully abandoned the care and maintenance of Megan Gentry before she reached the age of 18. Further, even if it were concluded that Mr. Gentry had willfully abandoned Megan Gentry's care and maintenance prior to her reaching the age of 18, the greater weight of the evidence of record would support a conclusion that Mr. Gentry resumed Megan Gentry's care and maintenance at least one year prior to her reaching the age of 18 and continued to provide care and maintenance to her at least until she reached the age of 18. See Davisv. Trus Joist MacMillan, 148 N.C. App. 248 (2002).
3. Mr. Gentry is entitled to receive half of the compensation for Deceased Plaintiff's death that the parties have agreed is payable in this claim, such that Mr. Gentry and Ms. Gentry should each receive $20,000.00.
4. The undersigned will approve attorney's fees for counsels for Mr. Gentry and Ms. Gentry based upon the provisions of N.C. Gen. Stat. §97-90(c).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to an award of attorney's fees to be determined, Defendants SHALL pay $20,000.00 each to Mr. Gentry and Ms. Gentry, in lump sums.
2. Within 15 days of today's date, counsel for Mr. Gentry and Ms. Gentry shall submit fee petitions to the undersigned, including fee agreements, itemized statements of their *Page 7 
and their staff's time, statements of costs incurred and affidavits relating to the factors set out in N.C. Gen. Stat. § 97-90(c). Thereafter, the undersigned will promptly issue orders for attorney's fees to be paid out of the lump sum amounts set out in Paragraph 1 above.
3. Defendants shall pay the costs.
This the 25th day of September 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1